1    WILLIAM RICHARDS
2    brichards@RMazlaw.com
     RICHARDS & MOSKOWITZ PLC
3    1850 N. Central Avenue, Suite 2010
4    Phoenix, AZ 85004
     Telephone: (602) 595-7800
5
6    (Additional Counsel Listed on Next Page)

7    Attorneys for Plaintiffs
8    John Aaron, Jenica Olah, Leonardo Barroso,
     Rosimari Zandonadi, Randall Chandler,
9    Lamont Ortiz and Robertson Smith

10                    UNITED STATES DISTRICT COURT

11                         DISTRICT OF ARIZONA

12

13   JOHN AARON; JENICA OLAH,              Case No.:
     LEONARDO BARROSO,
14   ROSIMARI ZANDONADI,
     RANDALL CHANDLER, LAMONT             COMPLAINT FOR INJUNCTIVE,
15   ORTIZ, ROBERTSON SMITH,              DECLARATORY AND MONETARY
                                          RELIEF; JURY TRIAL DEMAND
16            Plaintiffs,

17        vs.

18

19   ENR OH, LLC DBA THE X
     COMPANY, XSC PHOENIX
20   INVESTMENT LLC, XSC PHOENIX
     CLUB LLC, AND ASSET CAMPUS
21   USA LLC,

22            Defendants.

23

24

25

26

27

28

Additional Counsel:

D. SCOTT CHANG*
schang@nationalfairhousing.org
NATIONAL FAIR HOUSING ALLIANCE
1331 Pennsylvania Ave NW, Ste 650,
Washington, DC 20004-1764
Phone: 202-898-1661

CHRISTOPHER BRANCART*
cbrancart@brancart.com
BRANCART & BRANCART
8205 Pescadero Road
Loma Mar, California 94021-9714
Telephone: (650) 879-0141

* Pro Hac Vice Application Pending

I.    INTRODUCTION

1.    Plaintiffs John Aaron, Jenica Olah, Leonardo Barroso, Rosimari Zandonadi, Randall Chandler, Lamont Ortiz and Robertson Smith are families with children who bring this action against Defendants for injunctive, declaratory and monetary relief for discrimination based on familial status in violation of the Fair Housing Act, 42 U.S.C. §§ 3601-3619.

2.    Plaintiffs are six parents and one grandmother who lived with minor children at X Phoenix, a 330 unit and 505 bed apartment building in Phoenix, Arizona. Each Plaintiff chose to rent at X Phoenix in large part because of the rich and expansive amenities offered by X Phoenix, including a swimming pool, full service gym, fitness classes, co-working and private workspaces, large open areas and a full-service restaurant. Although the apartments are small, X Phoenix's unique living model offered them a way to have amenities and outdoor spaces for their children in the middle of an urban downtown area.

3.    Residents of X Phoenix including Plaintiffs received full access to the amenities and facilities as part of their lease. The amenities at X Phoenix are contained in a separate entity named the X Club. Plaintiffs and other residents of X Phoenix were provided with complimentary membership in the X Club as part of their lease. The X Club also allowed members of the general public to become members of the X Club.

4.    In October 2022, X Phoenix implemented a new policy banning children under the age of 13 from the X Club. By prohibiting children under age 13 from using the X Club, Defendants barred families with children from using the amenities at X Phoenix in violation of the Fair Housing Act. Residents without children were allowed to continue to use the amenities at the X Club without restriction.

5.    Defendants' policy or practice of banning families with young children from the amenities at X Phoenix imposed different terms, conditions or privileges on Plaintiffs and limited the facilities and services provided to them because of their

1  familial status. Defendants' discriminatory housing practice made them feel

2  unwelcome in their own homes and confined to a small apartment. As a result, each

3  Plaintiff was forced to move from X Phoenix.

4                    II.    <u>JURISDICTION AND VENUE</u>

5        6.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.

6  This action is authorized by 42 U.S.C. § 3613. Declaratory relief is authorized by 28

7  U.S.C. § 2201 and § 2202. This Court has supplemental jurisdiction to consider

8  Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims are

9  related to Plaintiffs' federal law claims and arise out of a common nucleus of facts.

10        7.    This Court has authority to grant declaratory and injunctive relief under

11  the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Fair Housing Act,

12  42 U.S.C. § 3613(c).

13        8.    Venue is proper in this district under 28 U.S.C. § 1391(b) because all

14  events giving rise to this complaint occurred in this district.

15                          III.    <u>PARTIES</u>

16        9.    Plaintiffs John Aaron and Jenica Olah lived at X Phoenix from January

17  2022 to June 2023 with their minor child J., who was 4 years old at the time. Plaintiff

18  John Aaron was employed as the Maintenance Supervisor at X Phoenix when he

19  lived at X Phoenix.

20        10.    Plaintiffs Leonardo Barroso and his mother, Rosimari Zandonadi, lived

21  at X Phoenix from April 2022 to March 2023 with a minor child, V., who was

22  between three months and 15 months old at the time. V. is Leonardo Barroso's

23  daughter and Rosimari Zandonadi's granddaughter.

24        11.    Plaintiff Randy Chandler lived at X Phoenix with his minor child M.,

25  then 8 years old, between April 2022 and December 2022.

26        12.    Plaintiff Lamont Ortiz lived at X Phoenix from February 2022 to

27  November 2022 daughter, S.R., then age 5.

28

13.     Plaintiff Robertson Smith lived at X Phoenix from March 2022 to January 2023 with his two minor daughters B. and P., who were ages 4 and 3 at the time.

14.     Defendant ENR OH, LLC doing business as The X Company ("The X Company") is an Illinois corporation engaged in development and operation of the multi-family real estate development known as X Phoenix, 200 West Monroe Street, Phoenix, Arizona 85003.

15.     Defendant XSC Phoenix Investment LLC is a Delaware limited liability company that owns X Phoenix. XSC Phoenix Investment LLC currently operates X Phoenix, which contains 330 apartment units and 506 beds. The residential units at X Phoenix and associated public and common areas are "dwellings" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b). On information and belief, XSC Phoenix Investment LLC leased the amenities spaces at X Phoenix to Defendant XSC Phoenix Club LLC and contracted with it to provide club membership to the residents of X Phoenix.

16.     XSC Phoenix Club LLC is Delaware limited liability company that owns and operates the X Club at X Phoenix.

17.     Defendant Asset Campus USA, LLC is a Texas limited liability that has been managing X Phoenix since approximately June 2022. As the management company for X Phoenix, Asset Campus USA LLC is responsible for the day-to-day management of X Phoenix.

18.     Each defendant is the agent, manager, member, partner, co-conspirator or representative of each other defendant.  Each defendant, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of his or her actual or apparent authority pursuant to such agency or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each other agent as principal.  Each defendant is jointly and severally responsible and liable to Plaintiffs for the injuries caused by each other defendant.

19.    In acting or omitting to act as alleged herein, Defendants acted through their employees and/or agents, and are responsible for the acts and omissions of their employees and/or agents within the scope of their employment or agency. In acting or omitting to act as alleged herein, each employee or officer of Defendants was acting within the course and scope of his or her actual or apparent authority pursuant to such agencies, or the alleged acts or omissions of each employer or officer as agent was subsequently ratified and adopted by Defendants as principal.

<u>FACTS</u>

20.    The X Company markets itself as an all-inclusive, amenity-rich apartment brand. According to its website, X is "the first and largest branded network of member clubs and private residences in the country" and "X is an unconventional social club. It's your new network, work space, yoga studio, and neighborhood bar. Sign a lease and it's your home base too."

21.    X Phoenix contains approximately 330 apartment units and 506 beds. X Phoenix offers studio, 1-bedroom, and 2-bedroom apartments, as well as furnished and unfurnished co-living room options in 2-, 3-, and 4-bedroom floorplans. X Phoenix apartments on average are less than 750 square feet. X Phoenix offers prospective tenants both standard apartment units and co-living units, which are shared housing where individuals rent private rooms or suites while sharing common areas like kitchens, living rooms, and sometimes bathrooms.

22.    X Phoenix advertised on its website that the apartments "are complemented by our unrivaled selection of best-in-class amenities," and informed prospective tenants that "[f]rom our massive coworking space with rentable offices to our outdoor/indoor fitness center and expansive pool, we provide everything you need to live, work, and play."

23.    Additional amenities at X Phoenix include a coffee bar, restaurant, and an open-air deck with seating and landscaping called the "Sunset Deck." Residents

1  can take yoga classes and attend planned events like movie nights or community

2  parties.  Each of these amenities is located in the X Club.

3  24.  In tours and other communications with prospective tenants, Defendants

4  highlighted the amenities in the X Club.

5  25.  At all relevant times, X Phoenix provided access to the X Club free of

6  charge as a component of residential leases offered to and signed with tenants.

7  Plaintiffs' and other residents' leases contained an addendum entitled "X Co. Rules

8  and Regulations," which provided, "The 8th and 9th floor amenities and areas,

9  including but not limited to The Pool Deck, The Study, The Pool House, The Gym,

10  The Outdoor Gym, The Fitness Studio, The Lockerrooms, and The Lounge, herein

11  collectively referred to as "The Club," are available to residents subject to the terms

12  of the Club Terms & Conditions and Rules and Regulations."

13  26.  Each Plaintiff chose to rent a unit at X Phoenix because of the amenities

14  it provided and frequently used those amenities.  Plaintiff Randy Chandler worked

15  remotely and used the co-working space. He used the pool with his daughter and she

16  would accompany him to the co-working space. Plaintiff Lamont Ortiz also worked

17  remotely and took advantage of the co-working space for his own work and to do

18  homework with his daughter. After doing homework, they would swim in the pool.

19  Plaintiff Robertson Smith loved living at the property because he could swim with his

20  kids in the pool and play with them on the grounds but still be right downtown, close

21  to his work.  Plaintiff Leo Barroso frequently used the pool and workspace area at X

22  Phoenix, bringing his infant daughter with him. His mother plaintiff Rosimari

23  Zandonadi spent her days with her granddaughter on walks around the building and

24  up to the rooftop and swimming in the pool.  Plaintiff Jenica Olah spent time with her

25  son in the X Club on a daily basis, enjoying the pool and walking around the open

26  spaces.

27  27.  In or around June 2022, Defendant Asset Campus USA LLC was

28  brought on to manage X Phoenix apartments..

1    28.    On October 4, 2022, "X Phoenix Management" sent an email to

2  residents setting forth a written policy stating that going forward, "children under the

3  age of 13 will not be permitted in the club spaces (levels 8 & 9)."  The email was sent

4  by the Community Manager of X Phoenix, an employee of Defendant Asset Campus

5  acting on behalf of Defendant XSC Phoenix Investment LLC.

6    29.    The notice shocked Plaintiffs, since the amenities of X Phoenix were

7  such an integral part of their home and routine with their children.

8    30.    Plaintiffs found themselves living in small apartment units and unable to

9  use the parts of the complex they and their children enjoyed. Plaintiffs John Aaron,

10  Jenica Olah, Randy Chandler, Lamont Ortiz, and Robertson Smith also had to

11  contend with the disappointment and frustration of their children who did not

12  understand why they could no longer swim in the pool or play with other children on

13  the grounds, particularly when they could see the pool and grounds from their unit

14  balconies.

15    31.    On multiple occasions, X Club employees enforced the rule by

16  informing tenants who were with their children in the X Club areas that the children

17  were not allowed to be there, and by asking them to leave. For instance, when

18  Plaintiff Lamont Ortiz brought his daughter into the co-working space, X Phoenix

19  staff threatened to revoke his membership and suspend his use of the common areas

20  if he continued to bring his daughter into the space.  As a result of the rule and X

21  Phoenix staff's enforcement, Plaintiffs kept their children inside and felt unwelcome

22  on the premises.

23    32.    On information and belief, Defendant ENR OH, LLC (the X Company)

24  directed and/or ratified the decision to exclude children from the amenities at X

25  Phoenix.

26    33.    X Phoenix was not the only X Company property with discriminatory

27  rules. Children had  been banned from the X Club at another "X" property developed

28

1  and operated by The X Company, X Denver.   The website for X Denver  openly
2  stated that children were not welcome in the X Club.

3      34.    Defendants were on notice that this ban violated fair housing law. The
4  former property management company for X Phoenix and X Denver, Cardinal Group
5  Midwest LLC, raised concerns with X Company that the X Club rules violated fair
6  housing law.

7      35.    Plaintiff Leo Barroso repeatedly informed Defendants that the ban
8  violated his fair housing rights. Nonetheless, Defendants persisted in maintaining the
9  rule excluding children from the X Club facilities at X Phoenix and targeted Plaintiff
10  Barroso for strict enforcement because he opposed Defendants' unlawful rule. For
11  example, on October 5, 2022, Mr. Barroso was with his daughter in the pool area
12  again when X Club staff members told him to leave. Mr. Barroso refused to leave.
13  Staff members then threatened to have Mr. Barroso removed by the police.
14  Thereafter, Mr. Barroso had several disagreements regarding the no-kids policy with
15  staff members of X Phoenix and X Club. X Club eventually filed an injunction
16  against Mr. Barroso to prohibit him from using the amenities. On December 9, 2022,
17  the court ruled in favor of Mr. Barroso and dismissed the lawsuit seeking an
18  injunction to prohibit Mr. Barroso from using the amenities at X Phoenix with his
19  child.

20      36.    On March 16, 2023, Plaintiffs Leo Barroso, Lamont Ortiz and Robertson
21  Smith, as well as the National Fair Housing Alliance and SouthWest Fair Housing
22  Council, and filed an administrative housing discrimination complaint with the
23  United States Department of Housing & Urban Development (HUD) pursuant to 42
24  U.S.C. § 3610 alleging that Defendants violated the Fair Housing Act by refusing to
25  allow residents with children to use the swimming pool and other amenities and
26  facilities at X Phoenix.

27      37.    In approximately May 2023, Defendants claim that they reversed their
28  policy banning children from the amenities at X Phoenix. Plaintiffs John Aaron and

1  Jenica Olah were still living at X Phoenix at the time Defendants claim that they

2  changed their policy and allowed children in the amenities at X Phoenix. They did

3  not receive any notice that the policy had been changed before they moved from X

4  Phoenix in June 2023.

5      38.    On December 7, 2023, Plaintiffs John Aaron, Jenica Olah, Randy

6  Chandler and Rosimari Zaldonadi were added as complainants to the original

7  administrative housing discrimination complaint filed with HUD and a First

8  Amended Housing Discrimination Complaint was filed that included all Plaintiffs as

9  Complainants. Plaintiffs' First Amended Housing Discrimination Complaint remains

10  pending at HUD.

11                      <u>INJURY TO PLAINTIFFS</u>

12      39.    As a direct and proximate result of Defendants' discriminatory acts

13  described above, Plaintiffs have suffered, and continue to suffer, irreparable loss and

14  injury, including, but not limited to, economic losses, injury to reputation, humiliation,

15  emotional distress, loss of housing opportunities, and the deprivation of their housing

16  and civil rights.

17      40.    Defendants, acting individually and in concert with others, directly and

18  through their agents, have engaged in a pattern or practice of discrimination based on

19  familial status in the operation of X Phoenix. Defendants have pursued this pattern or

20  practice of discrimination because of familial status for the purpose or with the effect of

21  excluding families with children from the amenities at X Phoenix.

22      41.    There now exists an actual controversy between the parties regarding

23  duties under federal and state laws. Accordingly, Plaintiffs are entitled to declaratory

24  relief under their federal and state law claims.

25      42.    Unless enjoined, Defendants will continue to engage in the unlawful acts

26  and the pattern or practice of discrimination described in this complaint. Plaintiffs

27  have no adequate remedy at law. Plaintiffs are suffering and will continue to suffer

28  irreparable injury from defendants' misconduct unless relief is provided by this

1  Court. Accordingly, Plaintiffs are entitled to injunctive relief under their federal and
2  state law claims.

3                              CLAIMS FOR RELIEF
4                           FIRST CLAIM FOR RELIEF
5                                Fair Housing Act
6                          (42 U.S.C. §§ 3604(b) & (c))
7                          [All Plaintiffs v. All Defendants]

8      43.    Plaintiffs reallege and incorporate by reference all previous paragraphs
9  in this complaint.

10     44.    Defendants have injured Plaintiffs by committing discriminatory
11 housing practices in violation of the Fair Housing Act, 42 U.S.C. §§ 3604(b), 3604(c)
12 and 3617 including but not limited to the following conduct:

13     a.    Discriminating in the terms, conditions or privileges of rental of a
14 dwelling, or in the provision of services or facilities in connection with rentals,
15 because of familial status, in violation of 42 U.S.C. § 3604(b) and 24 C.F.R. §§
16 100.50(b)(2) and 100.65(b)(4);

17     b.    Making, printing or publishing, or causing to be made, printed or
18 published, any notice, statement or advertisement with respect to the rental of a
19 dwelling that indicates any preference, limitation or discrimination because of
20 familial status, or an intention to make any such preference, limitation or
21 discrimination, in violation of 42 U.S.C. § 3604(c) and 24 C.F.R. §§ 100.50(b)(4) and
22 100.75(a); and,

23     c.    Interfering in their use and enjoyment of housing and exercise or
24 enjoyment of any right granted or protected by this part, in violation of 42 U.S.C. §
25 3617 and 24 C.F.R. §§ 100.400(b) and (c)(2).

26     45.    Accordingly, Plaintiffs are aggrieved persons entitled to relief under the
27 Fair Housing Act.

28 //

SECOND CLAIM FOR RELIEF

Fair Housing Act

(42 U.S.C. § 3617)

[Plaintiff Leonardo Barroso v. All Defendants]

46.     Plaintiff realleges and incorporates by reference all previous paragraphs in this complaint.

47.     Defendants have injured Plaintiff by committing discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. §§ 3617 including:

a.     Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of that person having exercised or enjoyed any right granted by the Fair Housing Act, in violation of 42 U.S.C. § 3617 and 24 C.F.R. §§ 100.400(c)(1), (2), (5) & (6).

48.     Accordingly, Plaintiff is an aggrieved person entitled to relief under the Fair Housing Act.

THIRD CLAIM FOR RELIEF

Breach of Covenant of Quiet Enjoyment

[All Plaintiffs v. All Defendants]

49.     Plaintiffs reallege and incorporate by reference all previous paragraphs in this complaint.

50.     By prohibiting children under age 13 from accessing the 8th and 9th floor amenities and areas "including but not limited to The Pool Deck, The Study, The Pool House, The Gym, The Outdoor Gym, The Fitness Studio, The Locker rooms, and The Lounge," Defendants breached the implied covenant of quiet enjoyment in each Plaintiff's lease. As a result of that breach, each Plaintiff was deprived of the full use and beneficial enjoyment of their property, eventually causing each of them to vacate their units.

51.     As a direct and proximate result of that breach, each Plaintiff suffered substantial damages.

1    FOURTH CLAIM FOR RELIEF

2    Breach of Implied Covenant of Good Faith and Fair Dealing

3    [All Plaintiffs v. All Defendants]

4    52.    Plaintiffs reallege and incorporate by reference all previous paragraphs

5    in this complaint.

6    53.    By unilaterally amending Plantiffs' leases to prohibit children under age

7    13 from accessing the 8th and 9th floor amenities and areas, Defendants acted

8    contrary to Plaintiffs' reasonable expectations and depriving them of the use of the

9    property amenities that made the X Phoenix desirable to each Plaintiff.

10    54.    As a direct and proximate result of that breach, each Plaintiff suffered

11    substantial damages.

12    FIFTH CLAIM FOR RELIEF

13    Negligent Supervision

14    [Plaintiffs John Aaron and Jenica Olah v. All Defendants]

15    55.    Plaintiffs reallege and incorporate by reference all previous paragraphs

16    in this complaint.

17    56.    Each Defendant, directly or vicariously through its agents, employees, or

18    contractors, is liable for breaching its duty of care to adequately supervise its

19    employees and agents in the operation and management of the X Phoenix,

20    proximately causing harm and actual damages to Plaintiffs John Aaron and Jenica

21    Olah.

22

23

24    RELIEF

25    Wherefore, Plaintiffs pray for entry of a judgment providing the following

26    relief:

27    1.    Permanently enjoining all unlawful practices alleged in this complaint

28    and imposing injunctive relief prohibiting Defendants, their partners, agents,

1   employees, assignees, and all persons acting in concert or participating with them,

2   from violating the unlawful practices alleged herein;

3       2.      Entering a permanent injunction directing Defendants and their

4   directors, officers, agents, and employees to take all affirmative steps necessary to

5   remedy the effects of the illegal, discriminatory conduct described herein and to

6   prevent similar occurrences in the future;

7       3.      Declaring that Defendants have violated the provisions of applicable

8   federal and state laws;

9       4.      Awarding compensatory and punitive damages to Plaintiffs according to

10  proof;

11      5.      Granting reasonable attorneys' fees and costs of the suit to Plaintiffs;

12  and,

13  //

14  //

15  //

16

17

18

19

20

21

22

23

24

25

26

27

28

1    6.    Granting all such other relief as the Court deems just.

2                              Respectfully Submitted,

3

4    WILLIAM RICHARDS                    D. SCOTT CHANG*
     RICHARDS & MOSKOWITZ PLC            schang@nationalfairhousing.org

5    By ___/s/ *William Richards*        NATIONAL FAIR HOUSING
              William Richards           ALLIANCE

6                                        1331 Pennsylvania Ave NW,

7                                        Suite 650,
                                         Washington, DC 20004-1764

8                                        Telephone: (202) 898-1661

9                                        * Pro Hac Vice Application
                                         Pending

10

11                                       CHRISTOPHER BRANCART*

12                                       cbrancart@brancart.com
                                         BRANCART & BRANCART

13                                       8205 Pescadero Road

14                                       Loma Mar, California 94021-9714
                                         Telephone: (650) 879-0141

15                                       * Pro Hac Vice Application
                                         Pending

16

17

18                              Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28