1  WILLIAM RICHARDS
2  brichards@RMazlaw.com
   RICHARDS & MOSKOWITZ PLC
3  1850 N. Central Avenue, Suite 2010
4  Phoenix, AZ 85004
   Telephone: (602) 595-7800
5
6  (Additional Counsel Listed on Next Page)

7  Attorneys for Plaintiffs
8  John Aaron, Jenica Olah, Leonardo Barroso,
   Rosimari Zandonadi, Randall Chandler,
9  Lamont Ortiz and Robertson Smith

10                 UNITED STATES DISTRICT COURT

11                       DISTRICT OF ARIZONA
12

13 John Aaron; Jenica Olah; Leonardo        Case No.:  2:25-cv-02919-MTL
14 Barroso; Rosimari Zandonadi;
   Randall Chandler; Lamont Ortiz; and      FIRST AMENDED COMPLAINT
15 Roberton Smith,                          FOR INJUNCTIVE, DECLARATORY
                                            AND MONETARY RELIEF;
16          Plaintiffs,                     CERTIFICATE OF SERVICE

17     vs.

18
19 ENR OH, LLC dba The X Company;
   XSC Phoenix Investment LLC; XSC
20 Phoenix Club LLC; and Asset
   Campus USA LLC,

21          Defendants.

22

23

24

25

26

27

28

Additional Counsel:

D. SCOTT CHANG*
schang@nationalfairhousing.org
NATIONAL FAIR HOUSING ALLIANCE
1331 Pennsylvania Ave NW, Ste 650,
Washington, DC 20004-1764
Phone: 202-898-1661

CHRISTOPHER BRANCART*
cbrancart@brancart.com
BRANCART & BRANCART
8205 Pescadero Road
Loma Mar, California 94021-9714
Telephone: (650) 879-0141

* Pro Hac Vice

I.    <u>INTRODUCTION</u>

1.    Plaintiffs John Aaron, Jenica Olah, Leonardo Barroso, Rosimari Zandonadi, Randall Chandler, Lamont Ortiz and Robertson Smith are families with children who bring this action against Defendants for injunctive, declaratory and monetary relief for discrimination based on familial status in violation of the Fair Housing Act, 42 U.S.C. §§ 3601-3619.

2.    Plaintiffs are six parents and one grandmother who lived with minor children at X Phoenix, a 330 unit and 505 bed apartment building in Phoenix, Arizona. Each Plaintiff chose to rent at X Phoenix in large part because of the rich and expansive amenities offered by X Phoenix, including a swimming pool, full service gym, fitness classes, co-working and private workspaces, large open areas and a full-service restaurant. Although the apartments are small, X Phoenix's unique living model offered them a way to have amenities and outdoor spaces for their children in the middle of an urban downtown area.

3.    Residents of X Phoenix including Plaintiffs received full access to the amenities and facilities as part of their lease. The amenities at X Phoenix are contained in a separate entity named the X Club. Plaintiffs and other residents of X Phoenix were provided with complimentary membership in the X Club as part of their lease. The X Club also allowed members of the general public to become members of the X Club.

4.    In October 2022, X Phoenix implemented a new policy banning children under the age of 13 from the X Club. By prohibiting children under age 13 from using the X Club, Defendants barred families with children from using the amenities at X Phoenix in violation of the Fair Housing Act. Residents without children were allowed to continue to use the amenities at the X Club without restriction.

5.    Defendants' policy or practice of banning families with young children from the amenities at X Phoenix imposed different terms, conditions or privileges on Plaintiffs and limited the facilities and services provided to them because of their

1  familial status. Defendants' discriminatory housing practice made them feel

2  unwelcome in their own homes and confined to a small apartment. As a result, each

3  Plaintiff was forced to move from X Phoenix.

4                    II.    JURISDICTION AND VENUE

5       6.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.

6  This action is authorized by 42 U.S.C. § 3613. Declaratory relief is authorized by 28

7  U.S.C. § 2201 and § 2202. This Court has supplemental jurisdiction to consider

8  Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims are

9  related to Plaintiffs' federal law claims and arise out of a common nucleus of facts.

10      7.    This Court has authority to grant declaratory and injunctive relief under

11  the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Fair Housing Act,

12  42 U.S.C. § 3613(c).

13      8.    Venue is proper in this district under 28 U.S.C. § 1391(b) because all

14  events giving rise to this complaint occurred in this district.

15                          III.    PARTIES

16      9.    Plaintiffs John Aaron and Jenica Olah lived at X Phoenix from January

17  2022 to June 2023 with their minor child J., who was 4 years old at the time. Plaintiff

18  John Aaron was employed as the Maintenance Supervisor at X Phoenix when he

19  lived at X Phoenix.

20      10.   Plaintiffs Leonardo Barroso and his mother, Rosimari Zandonadi, lived

21  at X Phoenix from April 2022 to March 2023 with a minor child, V., who was

22  between three months and 15 months old at the time. V. is Leonardo Barroso's

23  daughter and Rosimari Zandonadi's granddaughter.

24      11.   Plaintiff Randy Chandler lived at X Phoenix with his minor child M.,

25  then 8 years old, between April 2022 and December 2022.

26      12.   Plaintiff Lamont Ortiz lived at X Phoenix from February 2022 to

27  November 2022 daughter, S.R., then age 5.

28

- 4 -

13.     Plaintiff Robertson Smith lived at X Phoenix from March 2022 to January 2023 with his two minor daughters B. and P., who were ages 4 and 3 at the time.

14.     Defendant ENR OH, LLC doing business as The X Company ("The X Company") is an Illinois corporation engaged in development and operation of the multi-family real estate development known as X Phoenix, 200 West Monroe Street, Phoenix, Arizona 85003.

15.     Defendant XSC Phoenix Investment LLC is a Delaware limited liability company that owns X Phoenix. XSC Phoenix Investment LLC currently operates X Phoenix, which contains 330 apartment units and 506 beds. The residential units at X Phoenix and associated public and common areas are "dwellings" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b). On information and belief, XSC Phoenix Investment LLC leased the amenities spaces at X Phoenix to Defendant XSC Phoenix Club LLC and contracted with it to provide club membership to the residents of X Phoenix.

16.     XSC Phoenix Club LLC is Delaware limited liability company that owns and operates the X Club at X Phoenix.

17.     Defendant Asset Campus USA, LLC is a Texas limited liability that has been managing X Phoenix since approximately June 2022. As the management company for X Phoenix, Asset Campus USA LLC is responsible for the day-to-day management of X Phoenix.

18.     Each defendant is the agent, manager, member, partner, co-conspirator or representative of each other defendant.  Each defendant, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of his or her actual or apparent authority pursuant to such agency or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each other agent as principal.  Each defendant is jointly and severally responsible and liable to Plaintiffs for the injuries caused by each other defendant.

1    19.    In acting or omitting to act as alleged herein, Defendants acted through

2    their employees and/or agents, and are responsible for the acts and omissions of their

3    employees and/or agents within the scope of their employment or agency. In acting or

4    omitting to act as alleged herein, each employee or officer of Defendants was acting

5    within the course and scope of his or her actual or apparent authority pursuant to such

6    agencies, or the alleged acts or omissions of each employer or officer as agent was

7    subsequently ratified and adopted by Defendants as principal.

8                                                         FACTS

9    20.    The X Company markets itself as an all-inclusive, amenity-rich

10    apartment brand. According to its website, X is "the first and largest branded network

11    of member clubs and private residences in the country" and "X is an unconventional

12    social club. It's your new network, work space, yoga studio, and neighborhood bar.

13    Sign a lease and it's your home base too."

14    21.    X Phoenix contains approximately 330 apartment units and 506 beds. X

15    Phoenix offers studio, 1-bedroom, and 2-bedroom apartments, as well as furnished

16    and unfurnished co-living room options in 2-, 3-, and 4-bedroom floorplans. X

17    Phoenix apartments on average are less than 750 square feet. X Phoenix offers

18    prospective tenants both standard apartment units and co-living units, which are

19    shared housing where individuals rent private rooms or suites while sharing common

20    areas like kitchens, living rooms, and sometimes bathrooms.

21    22.    X Phoenix advertised on its website that the apartments "are

22    complemented by our unrivaled selection of best-in-class amenities," and informed

23    prospective tenants that "[f]rom our massive coworking space with rentable offices to

24    our outdoor/indoor fitness center and expansive pool, we provide everything you

25    need to live, work, and play."

26    23.    Additional amenities at X Phoenix include a coffee bar, restaurant, and

27    an open-air deck with seating and landscaping called the "Sunset Deck." Residents

28

1  can take yoga classes and attend planned events like movie nights or community

2  parties. Each of these amenities is located in the X Club.

3      24.    In tours and other communications with prospective tenants, Defendants

4  highlighted the amenities in the X Club.

5      25.    At all relevant times, X Phoenix provided access to the X Club free of

6  charge as a component of residential leases offered to and signed with tenants.

7  Plaintiffs' and other residents' leases contained an addendum entitled "X Co. Rules

8  and Regulations," which provided, "The 8th and 9th floor amenities and areas,

9  including but not limited to The Pool Deck, The Study, The Pool House, The Gym,

10 The Outdoor Gym, The Fitness Studio, The Lockerrooms, and The Lounge, herein

11 collectively referred to as "The Club," are available to residents subject to the terms

12 of the Club Terms & Conditions and Rules and Regulations."

13     26.    Each Plaintiff chose to rent a unit at X Phoenix because of the amenities

14 it provided and frequently used those amenities. Plaintiff Randy Chandler worked

15 remotely and used the co-working space. He used the pool with his daughter and she

16 would accompany him to the co-working space. Plaintiff Lamont Ortiz also worked

17 remotely and took advantage of the co-working space for his own work and to do

18 homework with his daughter. After doing homework, they would swim in the pool.

19 Plaintiff Robertson Smith loved living at the property because he could swim with his

20 kids in the pool and play with them on the grounds but still be right downtown, close

21 to his work. Plaintiff Leo Barroso frequently used the pool and workspace area at X

22 Phoenix, bringing his infant daughter with him. His mother plaintiff Rosimari

23 Zandonadi spent her days with her granddaughter on walks around the building and

24 up to the rooftop and swimming in the pool. Plaintiff Jenica Olah spent time with her

25 son in the X Club on a daily basis, enjoying the pool and walking around the open

26 spaces.

27     27.    In or around June 2022, Defendant Asset Campus USA LLC was

28 brought on to manage X Phoenix apartments..

28.    On October 4, 2022, "X Phoenix Management" sent an email to residents setting forth a written policy stating that going forward, "children under the age of 13 will not be permitted in the club spaces (levels 8 & 9)." The email was sent by the Community Manager of X Phoenix, an employee of Defendant Asset Campus acting on behalf of Defendant XSC Phoenix Investment LLC.

29.    The notice shocked Plaintiffs, since the amenities of X Phoenix were such an integral part of their home and routine with their children.

30.    Plaintiffs found themselves living in small apartment units and unable to use the parts of the complex they and their children enjoyed. Plaintiffs John Aaron, Jenica Olah, Randy Chandler, Lamont Ortiz, and Robertson Smith also had to contend with the disappointment and frustration of their children who did not understand why they could no longer swim in the pool or play with other children on the grounds, particularly when they could see the pool and grounds from their unit balconies.

31.    On multiple occasions, X Club employees enforced the rule by informing tenants who were with their children in the X Club areas that the children were not allowed to be there, and by asking them to leave. For instance, when Plaintiff Lamont Ortiz brought his daughter into the co-working space, XSC Phoenix Club LLC staff threatened to revoke his membership and suspend his use of the common areas if he continued to bring his daughter into the space. As a result of the rule and XSC Phoenix Investment LLC, Asset Campus USA LLC and XSC Phoenix Club LLC staffs' enforcement, Plaintiffs kept their children inside and felt unwelcome on the premises.

32.    On information and belief, Defendant ENR OH, LLC (the X Company) directed and/or ratified the decision to exclude children from the amenities at X Phoenix.

33.    X Phoenix was not the only X Company property with discriminatory rules. Children had been banned from the X Club at another "X" property developed

and operated by The X Company, X Denver. The website for X Denver openly stated that children were not welcome in the X Club.

34.    Defendants were on notice that this ban violated fair housing law. The former property management company for X Phoenix and X Denver, Cardinal Group Midwest LLC, raised concerns with X Company that the X Club rules violated fair housing law.

35.    Plaintiff Leo Barroso repeatedly informed Defendants that the ban violated his fair housing rights. Nonetheless, Defendants persisted in maintaining the rule excluding children from the X Club facilities at X Phoenix and targeted Plaintiff Barroso for strict enforcement because he opposed Defendants' unlawful rule. For example, on October 5, 2022, Mr. Barroso was with his daughter in the pool area again when X Club staff members told him to leave. Mr. Barroso refused to leave. Staff members then threatened to have Mr. Barroso removed by the police. Thereafter, Mr. Barroso had several disagreements regarding the no-kids policy with staff members of XSC Phoenix Investment LLC, Asset Campus USA LLC, and XSC Phoenix Club LLC. Staff members of XSC Phoenix Investment LLC and Asset Campus USA repeatedly told him that he could leave X Phoenix. X Club eventually filed an injunction against Mr. Barroso to prohibit him from using the amenities. About one week before the hearing on the injunction, a staff member of Asset Campus USA spoke with Mr. Barroso and warned him that he should be careful and that he might want to find other housing before things got worse. On December 9, 2022, the court ruled in favor of Mr. Barroso and dismissed the lawsuit seeking an injunction to prohibit Mr. Barroso from using the amenities at X Phoenix with his child.

36.    On March 16, 2023, Plaintiffs Leo Barroso, Lamont Ortiz and Robertson Smith, as well as the National Fair Housing Alliance and SouthWest Fair Housing Council, and filed an administrative housing discrimination complaint with the United States Department of Housing & Urban Development (HUD) pursuant to 42

1   U.S.C. § 3610 alleging that Defendants violated the Fair Housing Act by refusing to

2   allow residents with children to use the swimming pool and other amenities and

3   facilities at X Phoenix.

4   37.    In approximately May 2023, Defendants claim that they reversed their

5   policy banning children from the amenities at X Phoenix. Plaintiffs John Aaron and

6   Jenica Olah were still living at X Phoenix at the time Defendants claim that they

7   changed their policy and allowed children in the amenities at X Phoenix. They did

8   not receive any notice that the policy had been changed before they moved from X

9   Phoenix in June 2023.

10   38.    On December 7, 2023, Plaintiffs John Aaron, Jenica Olah, Randy

11   Chandler and Rosimari Zaldonadi were added as complainants to the original

12   administrative housing discrimination complaint filed with HUD and a First

13   Amended Housing Discrimination Complaint was filed that included all Plaintiffs as

14   Complainants. Plaintiffs' First Amended Housing Discrimination Complaint remains

15   pending at HUD.

16   <u>INJURY TO PLAINTIFFS</u>

17   39.    As a direct and proximate result of Defendants' discriminatory acts

18   described above, Plaintiffs have suffered, and continue to suffer, irreparable loss and

19   injury, including, but not limited to, economic losses, injury to reputation, humiliation,

20   emotional distress, loss of housing opportunities, and the deprivation of their housing

21   and civil rights.

22   40.    Defendants, acting individually and in concert with others, directly and

23   through their agents, have engaged in a pattern or practice of discrimination based on

24   familial status in the operation of X Phoenix. Defendants have pursued this pattern or

25   practice of discrimination because of familial status for the purpose or with the effect of

26   excluding families with children from the amenities at X Phoenix. Defendants also

27   failed to supervise or train staff that enforced the policy to ensure compliance with fair

28   housing laws and to prevent discriminatory treatment of families based on familial

status. Defendants' actions and omissions created a foreseeable risk of harm to Plaintiffs, including but not limited to emotional distress, economic losses and loss of housing opportunities.

41.    There now exists an actual controversy between the parties regarding duties under federal and state laws. Accordingly, Plaintiffs are entitled to declaratory relief under their federal and state law claims.

42.    Unless enjoined, Defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described in this complaint. Plaintiffs have no adequate remedy at law. Plaintiffs are suffering and will continue to suffer irreparable injury from defendants' misconduct unless relief is provided by this Court. Accordingly, Plaintiffs are entitled to injunctive relief under their federal and state law claims.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

Fair Housing Act

(42 U.S.C. §§ 3604(b) & (c) and § 3617)

[All Plaintiffs v. All Defendants]

43.    Plaintiffs reallege and incorporate by reference all previous paragraphs in this complaint.

44.    Defendants have injured Plaintiffs by committing discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. §§ 3604(b), 3604(c) and 3617 including but not limited to the following conduct:

a.    Discriminating in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with rentals, because of familial status, in violation of 42 U.S.C. § 3604(b) and 24 C.F.R. §§ 100.50(b)(2) and 100.65(b)(4);

b.    Making, printing or publishing, or causing to be made, printed or published, any notice, statement or advertisement with respect to the rental of a

1   dwelling that indicates any preference, limitation or discrimination because of
2   familial status, or an intention to make any such preference, limitation or
3   discrimination, in violation of 42 U.S.C. § 3604(c) and 24 C.F.R. §§ 100.50(b)(4) and
4   100.75(a); and,

5        c.    Interfering in their use and enjoyment of housing and exercise or
6   enjoyment of any right granted or protected by this part, in violation of 42 U.S.C. §
7   3617 and 24 C.F.R. §§ 100.400(b) and (c)(2).

8        45.    Accordingly, Plaintiffs are aggrieved persons entitled to relief under the
9   Fair Housing Act.

10

11                    SECOND CLAIM FOR RELIEF
12                         Fair Housing Act
13                      (42 U.S.C. § 3617)
14             [Plaintiff Leonardo Barroso v. All Defendants]

15        46.    Plaintiff realleges and incorporates by reference all previous paragraphs
16   in this complaint.

17        47.    Defendants have injured Plaintiff by committing discriminatory housing
18   practices in violation of the Fair Housing Act, 42 U.S.C. §§ 3617 including:

19        a.    Coercing, intimidating, threatening, or interfering with any person in the
20   exercise or enjoyment of, or on account of that person having exercised or enjoyed
21   any right granted by the Fair Housing Act, in violation of 42 U.S.C. § 3617 and 24
22   C.F.R. §§ 100.400(c)(1), (2), (5) & (6).

23        48.    Accordingly, Plaintiff is an aggrieved person entitled to relief under the
24   Fair Housing Act.

25   ///
26   ///
27
28

THIRD CLAIM FOR RELIEF

Breach of Covenant of Quiet Enjoyment

[All Plaintiffs v. All Defendants]

49.    Plaintiffs reallege and incorporate by reference all previous paragraphs in this complaint.

50.    By prohibiting children under age 13 from accessing the 8th and 9th floor amenities and areas "including but not limited to The Pool Deck, The Study, The Pool House, The Gym, The Outdoor Gym, The Fitness Studio, The Locker rooms, and The Lounge," Defendants breached the implied covenant of quiet enjoyment in each Plaintiff's lease. As a result of that breach, each Plaintiff was deprived of the full use and beneficial enjoyment of their property, eventually causing each of them to vacate their units.

51.    As a direct and proximate result of that breach, each Plaintiff suffered substantial damages.

FOURTH CLAIM FOR RELIEF

Breach of Implied Covenant of Good Faith and Fair Dealing

[All Plaintiffs v. Defendants ENR OH, LLC, XSC PHOENIX INVESTMENT LLC and XSC PHOENIX CLUB LLC]

52.    Plaintiffs reallege and incorporate by reference all previous paragraphs in this complaint.

53.    By unilaterally amending Plantiffs' leases to prohibit children under age 13 from accessing the 8th and 9th floor amenities and areas, Defendants acted contrary to Plaintiffs' reasonable expectations and depriving them of the use of the property amenities that made the X Phoenix desirable to each Plaintiff.

54.    As a direct and proximate result of that breach, each Plaintiff suffered substantial damages.

1

## RELIEF

2    Wherefore, Plaintiffs pray for entry of a judgment providing the following

3 relief:

4    1.    Permanently enjoining all unlawful practices alleged in this complaint

5 and imposing injunctive relief prohibiting Defendants, their partners, agents,

6 employees, assignees, and all persons acting in concert or participating with them,

7 from violating the unlawful practices alleged herein;

8    2.    Entering a permanent injunction directing Defendants and their

9 directors, officers, agents, and employees to take all affirmative steps necessary to

10 remedy the effects of the illegal, discriminatory conduct described herein and to

11 prevent similar occurrences in the future;

12    3.    Declaring that Defendants have violated the provisions of applicable

13 federal and state laws;

14    4.    Awarding compensatory and punitive damages to Plaintiffs according to

15 proof;

16    5.    Granting reasonable attorneys' fees and costs of the suit to Plaintiffs;

17 and,

18 ///

19 ///

20 ///

21

22

23

24

25

26

27

28

6.      Granting all such other relief as the Court deems just.

Respectfully Submitted,

WILLIAM RICHARDS

*/s/ William Richards*
William Richards
brichards@RMazlaw.com
RICHARDS & MOSKOWITZ PLC
1850 N. Central Avenue, Suite 2010
Phoenix, AZ 85004
Telephone: (602) 595-7800

D. SCOTT CHANG*

*/s/ D. Scott Chang*
schang@nationalfairhousing.org
NATIONAL FAIR HOUSING
ALLIANCE
1331 Pennsylvania Ave NW,
Suite 650,
Washington, DC 20004-1764
Telephone: (202) 898-1661

* Pro Hac Vice

CHRISTOPHER BRANCART*

*/s/ Christopher Brancart*
cbrancart@brancart.com
BRANCART & BRANCART
8205 Pescadero Road
Loma Mar, California 94021-9714
Telephone: (650) 879-0141

* Pro Hac Vice

Attorneys for Plaintiffs

1

<u>CERTIFICATE OF SERVICE</u>

2     On November 4, 2025, I served a copy of the attached document entitled – FIRST

3  AMENDED COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY

4  RELIEF; CERTIFICATE OF SERVICE  – on the following attorneys by email via ECF:

5

6  RICHARDS & MOSKOWITZ PLC
   William Richards
7  brichards@RMazlaw.com
   1850 N. Central Avenue, Suite 2010
8  Phoenix, AZ 85004
9  Tel: (602) 595-7800

10 NATIONAL FAIR HOUSING
   ALLIANCE
11 D. Scott Chang, Pro Hac Vice
   schang@nationalfairhousing.org
12 1331 Pennsylvania Ave NW, Ste 650,
13 Washington, DC 20004-1764
   Tel: (202) 898-1661
14
15 Attorney for Plaintiffs

16

17

18

19

GORDON REES SCULLY MANSUKHANI
Solomon S. Krotzer
skrotzer@grsm.com
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004
Tel:  (602) 794-3659

CLARK HILL
Benjamin J. Branson
bbranson@clarkhill.com
14850 N. Scottsdale Road, Suite 500
Scottsdale, AZ 85254
Telephone: (480) 684-1110

Brian C.P. Adkins, Pro Hac Vice
badkins@clarkhill.com
600 W. Broadway, Suite 500
San Diego, CA 92101
Telephone: (619) 819-2409

Attorney for Defendant ASSET CAMPUS
USA LLC

20     So certified.

21                             */s/ Christopher Brancart*

22

23

24

25

26

27

28