**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

John Aaron, et al.,
Plaintiffs,
v.
ENR OH LLC, et al.,
Defendants.

No. CV-25-02919-PHX-MTL

**ORDER**

Before the Court is Defendant Asset Campus USA LLC's Motion for Leave to Amend Answer to Add Affirmative Defense and Crossclaims (Doc. 50). The Motion is fully briefed (Docs. 53, 55), and the Court held oral argument on August 13, 2026. The Court will grant the Motion.

**I.**

Plaintiffs are parents and a grandmother who lived with minor children at X Phoenix, an apartment building in downtown Phoenix. (Doc. 13 ¶¶ 1–2.) The property marketed resort-style amenities that were included in residents' leases through the X Club. In October 2022, Defendants barred children under thirteen from the X Club while continuing to permit residents without children to use those spaces. (*Id.* ¶¶ 2–4.) Plaintiffs allege that the policy confined families to small residential units and ultimately forced them to move. (*Id.* ¶ 5.)

Plaintiffs sue the entities that developed and managed the property: Defendants ENR OH LLC, XSC Phoenix Investment LLC, XSC Phoenix Club LLC, and Asset

Campus USA LLC. (*Id.* ¶¶ 14–17.) They assert claims under the Fair Housing Act, as well as claims for breach of the covenant of quiet enjoyment and breach of the implied covenant of good faith and fair dealing. (*Id.* ¶¶ 43–54.)

Asset Campus now seeks leave to amend its Answer to add an affirmative defense and six crossclaims. (Doc. 50.)

**II.**

"The same factors used to assess a request for leave to amend a pleading also apply to assess a request for leave to file a counterclaim." *TGG Mgmt. Co., Inc. v. Petraglia*, No. 19-CV-2007-BAS-KSC, 2021 WL 2206475, at *1 (S.D. Cal. June 1, 2021). Under Federal Rule of Civil Procedure 15, leave to amend should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, courts consider (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the pleading has previously been amended. *Sisseton Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355–56 (9th Cir. 1996).

**III.**

Asset Campus seeks leave to amend its Answer to add an advice-of-counsel affirmative defense and six crossclaims: "four breach of contract claims arising from Asset Campus and X Phoenix Owner Entity's 'Management Agreement'; a declaratory judgment claim concerning Asset Campus's indemnification rights under the same Management Agreement; and an alternative equitable indemnification claim." (Doc. 50 at 3.) Asset Campus argues that amendment will cause neither undue delay nor prejudice because it previously advised the parties of its anticipated amendment in the joint case management report, moved before discovery was substantially underway, and filed its Motion before the amendment deadline set in the Scheduling Order.

Plaintiffs object to the proposed advice-of-counsel defense. (Doc. 53 at 1-2.) Plaintiffs contend that the proposed defense "fails to provide fair notice for plaintiffs to understand the basis, scope, or validity of Asset Campus's advice of counsel defense." (*Id.* at 2.) They acknowledge that Asset Campus identified in the joint case management report

a legal issue concerning whether it was entitled to rely on the X Defendants' understanding of the challenged policy but argue that this did not provide notice that Asset Campus intended to invoke an advice-of-counsel defense. (*Id.* at 4–5.) Plaintiffs further argue that, although the Motion is timely, permitting the defense would prejudice them by requiring additional discovery, particularly in light of Asset Campus's prior statements that, according to Plaintiffs, cast doubt on the defense's validity. (*Id.* at 2.) Plaintiffs therefore ask the Court to deny leave to add the defense "subject to a further amendment alleging or a proffer stating the material facts that support each element for invoking the advice of counsel defense." (*Id.* at 7.)

The Court finds no basis to deny leave to amend. There is no indication of bad faith. Asset Campus identified in the joint case management report its position that it relied on the X Defendants' understanding of the policy, sufficiently alerting the parties to the factual issue underlying the proposed defense. (*See* Docs. 28 at 7; 48.) Nor is there undue delay or undue prejudice. Asset Campus filed its Motion within the deadline established by the Scheduling Order, discovery remains in its early stages, and Plaintiffs have already begun pursuing discovery relevant to the advice-of-counsel defense. (*See* Doc. 55 at 4–5.)

To the extent Plaintiffs will incur additional burdens in conducting discovery and litigating the defense, those burdens do not constitute undue prejudice. *See Wagner v. Adickman*, No. CV-19-03216-PHX-SMB, 2020 WL 2395172, at *2 (D. Ariz. May 12, 2020) (rejecting claimed prejudice because concerns "such as analyzing related claims and associated discovery, are mere symptoms of responding to new allegations and not inherently prejudicial"). This conclusion is consistent with the Ninth Circuit's instruction that "amendments should be granted with 'extreme liberality' in order to facilitate [a] decision on the merits." *Liberty Nat. Prods., Inc. v. Hoffman*, No. 03:11-CV-00264-HU, 2012 WL 1203979, at *4 (D. Or. Apr. 11, 2012) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

. . . .

. . . .

**IT IS THEREFORE ORDERED granting** Defendant Asset Campus's Motion for Leave to Amend Answer to Add Affirmative Defense and Crossclaims (Doc. 50).

**IT IS FURTHER ORDERED** directing the Clerk of Court to file Defendant Asset Campus USA LLC's lodged Amended Answer at Docket Entry No. 50-1 as a separate docket entry.

Dated this 13th day of August, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge